Argued February 3, reversed February 17, petition for rehearing denied March 17, 1954

## LAWRENCE *v.* LAWRENCE

266 P. 2d 691

*Francis F. Yunker,* of Portland, argued the cause for appellant. With him on the brief was P. K. Hammond, of Oregon City.

*William Miller,* of Portland, argued the cause for respondent. With him on the brief were McCarty, Dickson & Swindells, of Portland.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN and PERRY, Justices.

LATOURETTE, C.J.

Plaintiff and defendant, pending a divorce proceeding, entered into a property settlement wherein the following stipulation was inserted:

"It is further agreed that from the date of the decree, the defendant will pay to the plaintiff the sum of $150.00 per month. The first payment to be made on the 15th day of June, 1950, and a like sum thereafter on the 15th day of each and every month for a period of five years from date of said decree; provided that in the event the plaintiff should remarry within the five year period or should during said period earn at a regularly employed job a salary or a sum of money of $250.00 or more per month that the payments of $150.00 per month by the defendant shall cease; in no event shall the monthly payment of $150.00 by the defendant be made longer than for a period of five years from the date of the decree."

Shortly after the divorce was obtained, and in July, 1950, defendant secured employment with the Beall Pipe & Tank Company at a salary of $240.00 per month. Plaintiff continued the alimony payments until June, 1951, at which time the Beall Pipe & Tank Company offered defendant a ten per cent increase in salary, which she declined.

In a declaratory judgment proceeding in which both asked for relief, the trial court held that plaintiff was still obligated to pay alimony. Plaintiff appeals.

As to the offer and declination of the ten per cent

increase in salary, we quote from the testimony of defendant:

"Q And when you first went to work for Beall Pipe and Tank, what was your beginning salary? A $200.00 a month.

\* \* \* \* \*

"Q Do you recall when you received raises up to $240.00 a month? A Well, I took the job as a temporary position, to start with, and then they wanted me to stay so they offered me more money if I would stay; and then, after I had been there a while, I told them I would like to have more, so they gave me a little more. And then shortly before we moved over to the new location they gave me a ten per cent raise, and that brought me up to $240.00 a month.

\* \* \* \* \*

"Q Do you recall the circumstances and conversations which you had with Mr. Ullrey in May, 1950, concerning this proffered raise? A In May, 1951?

"Q Yes, May, 1951. A Yes, I recall. He came up—

"Q Tell the Court just what happened. A Well, he just walked over and I was standing by the payroll clerk's desk and he told me that we were going to have some raises and that I was included, and said: 'You are going to get a ten per cent raise.'

"Q What did you say? A I told him I couldn't accept it, and he said, 'that is the first time anyone has refused a raise.' So I said, 'Well, I don't have to explain but I will,' and so later on I walked over to his desk and explained to him that I couldn't accept it, if I did I probably wouldn't get the property settlement money that I felt was due me, and that was all that was said about it.''

It is our opinion that the court erred in holding plaintiff to the further payment of alimony. Unquestionably it was the intention of the parties, when the property settlement arrangement was made, that when defendant was in a position to sustain herself or remarry the alimony should cease. The sum of $250.00 was the amount determined which would afford defendant ample sustenance. To all intents and purposes, when she was offered the additional ten per cent increase in salary, she, in contemplation of law, earned the same.

Reversed.